**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4354**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY FREDERICK KRIZANOVIC,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-04-124)

---

Submitted:  November 30, 2005          Decided:  March 1, 2006

---

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Henry Frederick Krizanovic pled guilty to bank robbery and was sentenced to forty-six months of imprisonment.  On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issues:  whether (1) the district court erred by failing to grant a downward departure for diminished capacity under U.S. Sentencing Guidelines Manual § 5K2.13 (2004), p.s., and, (2) the sentence was reasonable under United States v. Booker, 125 S. Ct. 738 (2005).  For the reasons that follow, we affirm.

First, a district court's failure to grant a downward departure is not reviewable unless a district court was under the mistaken impression that it lacked the authority to depart.  United States v. Matthews, 209 F.3d 338, 352 (4th Cir. 2000).  Here there is no indication in the record that the district court misunderstood its authority.  Second, we find that Krizanovic's forty-six month sentence, imposed at the bottom of his properly calculated Guideline range, and after the court considered the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), was reasonable.  See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005); see also United States v. Shannon, 414 F.3d 921, 924 (8th Cir. 2005) (stating that a "sentence imposed . . . consistent with the now-advisory guidelines . . . is generally indicative of reasonableness.").

We have examined the entire record in this case in accordance with the requirements of <u>Anders</u>, and find no meritorious issues for appeal.  Accordingly, we affirm.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>